IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JOESPH L. FOWLER, SR. | : | |
| Plaintiff, | : | 1:13-cv-515 |
| | : | |
| v. | : | |
| TIMBER ROCK RAILROAD, L.L.C. | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action brought under Title VII of the Civil Rights act of 1964 ("Title VII") and also pursuant to 28 U.S.C. §621 et. Seq., and 28 U.S.C. 1331. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights based upon race and age.

2. Venue is proper within the jurisdiction of the United States District Court for the Eastern District of Texas, Marshall Division under 28§ U.S.C. 1391 in that Plaintiff is a resident of the district and the employment actions given rise to this instant complaint occurred in Southeast Texas which is within the jurisdiction of this Court.

3. The Defendant has continually and does now employee more than fifteen (15) persons.

1

4. The Defendant has been and is now an employer engaged in an industry affecting commerce within the meaning of §701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

5. Within 180 days of the occurrence of the acts of which Plaintiff alleges, a charge of employment discrimination was filed with the Equal Employment Opportunity Commision ("EEOC") by Plaintiff against Defendant.

6. Plaintiff received a "Notice of Right to Sue" from the EEPC regarding his charge of discrimination, EEOC Charge #460-2013-01781, dated July 11, 2013. A civil action is now being instituted within ninety (90) days of issuance of said notice.

## PARTIES

7. Plaintiff, Joseph Fowler, Sr., is an individual residing in Beaumont, Jefferson County, Texas.

8. Defendant, Timber Rock Railroad, LL.C. ("Defendant TRR") is a corporation formed pursuant to the laws of Texas, having its principle place of business located at 315 W. Third Street, Pittsburg, Kansas 66762. Defendant TRR operates as an interstate rail carrier subject to the jurisdiction of the United States Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. §10101, et seq.

9. Defendant TRR also has a place of business located at 505 West Avenue F, Silsbee, Texas 77656.

10. Defendant TRR may be served through its registered agent, Corporation Service Company dba CSC- Lawyers Incorporating Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## STATEMENT OF CLAIMS

11. More than thirty (30) days prior to the institution of this complaint, Plaintiff filed charges with EEOC alleging discrimination based on age and race. All conditions precedent to the institution of this complaint has been fulfilled, including timely filing of charges.

12. Defendant TRR has been engaged in unlawful employment practices specifically at its Silsbee, Texas location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and 29 U.S.C. §623(a)(1). The practices include subjecting Plaintiff to unlawful race and age based disparate treatment. Plaintiff was also constructively discharged based upon aforesaid unlawful practices.

13. Plaintiff is an African American male born on November 21, 1953. Plaintiff was 59 years old at the time of his termination.

14. Plaintiff began worked for Defendant TRR as an Engineer on June 8, 2004. Plaintiff has maintained employment in the railroad industry for over 30 years.

15. On February 20, 2013, Plaintiff was constructively discharged by Defendant TRR unlawfully upon his alleged second violation.

16. Per Defendant's TRR employment manual, Plaintiff was supposed to receive five (5) days off with no pay upon committing an alleged second violation.

17. Plaintiff was informed by Bubba Douglas, his supervisor, that he was in a "no-win situation" and that he should "resign with a good record", thereby constructively terminating Plaintiff's employment.

18. Plaintiff is informed and believes that he was terminated based upon his race and age so that Defendant TRR could deny him his full retirement benefits.

19. All supervisors, including Bubba Douglas, were employees of Defendant TRR and therefore, their acts and/or actions during the course and scope of their employment with Defendant TRR, are legally responsible.

20. On numerous occasions, white male employees would have more than two violations and would not be terminated by Defendant TRR.

21. John Grant, a white male, failed to stop at a crossing, he was not terminated.

22. Upon John Grant's second violation, of leaving in a train without a warrant, a serious violation, he was suspended and not terminated on his second violation.

23. Chad Davis, a white male, reported to work intoxicated with alcohol and was not suspended.

24. Chad Davis did not call or show up for work in his second violation and was not terminated.

25. Creed, a white male, was speeding ten miles over the speed limit for 20 miles, a serious rules violation, and he was not disciplined at all.

26. Rick Paine, a white conductor, has had several wrecks which he was at fault, a serious rules violation and he was not terminated.

27. Ricky Paine, failed the efficiency test, a violation, and he was still not terminated.

28. George Yellet, another white male, has repeatedly drove above the speed limit and has not been disciplined.

29. Defendant TRR does not enforce it policies impartially.

30. Plaintiff performed his duties successfully as an employee until the date of his termination.

31. Plaintiff was disciplined and terminated because of his race and age.

## DAMAGES

32. At the time of discharge, Plaintiff earned approximately $55,000.00 per year, and received benefits from Defendant TRR consisting of health, dental, and vision and a pension plan.

33. Plaintiff has suffered actual damages from loss wages, insurance benefits, loss of future earnings, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant TRR's discriminatory employment practices described above.

34. Plaintiff will show that Defendant TRR intentionally treated Plaintiff disparately based upon race and age.

35. Defendant TRR intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of age and race. Plaintiff has suffered extreme emotional distress, embarrassment; sever disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

36. Plaintiff's harm was a result of Defendant's TRR actual malice or reckless indifference to Plaintiff's to be free from disparate treatment based on race and age.

37. Plaintiff if entitled to recover his reasonable attorney fees pursuant to 29 U.S.C. §626.

**WHEREFORE,**

38. Plaintiff demands a trial by jury;

39. That a judgment be entered against Defendant TRR;

40. That said judgment requires Defendant TRR to pay Plaintiff damages suffered as a result of aforesaid illegal acts and practices, including back pay, future loses, with interest as allowed by law, as well as liquidated damages;

41. That Plaintiff be compensated for mental distress imposed by Defendant TRR;

42. That Defendant TRR be required to pay punitive damages as a result of its willful discrimination against Plaintiff;

43. That Defendant TRR be ordered to pay Plaintiff's attorney fees and cost and whatever relief Plaintiff may be entitled.

Respectfully Submitted,

/s/
_____
Kimberly Bandoh, Attorney for Plaintiff
Georgia State Bar No. 142232
Law Office of Kimberly Bandoh, LLC
1745 Phoenix Blvd, Ste 480
Atlanta, Georgia 30349
770 997 5200 phone 770 936 1966 fax